UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AUSTIN OZELL WINSTON ) | CASE NO.  19-22447 JRA |
| ) | Chapter 13 |
| Debtor. ) | |

**ORDER DISMISSING CHAPTER 13 PETITION**

This Chapter 13 case came on for final hearing on March 16, 2020, on a Motion to Dismiss filed by Trustee (hereinafter: "Movant").

Movant appears by counsel.

Debtor appears by counsel.

Submitted.

Movant files an Declaration showing that pursuant to the Trustee's books and records kept in the ordinary course of his office, that the Plan payment arrearage of the Debtor to Trustee is in the sum of $4,740.00 as of February 29, 2020.

And the Court having examined the record, and said Affidavit, and being duly advised in the premises, now finds that there has been a material default by the Debtor as to the terms of the Plan, a failure by the Debtor to commence making timely payments, and/or that there has been an unreasonable delay by the Debtor that is prejudicial to creditors.

IT IS THEREFORE ORDERED, that said Motion is hereby granted and that the Petition of the Debtor should be and is hereby dismissed pursuant to 11 U.S.C. §1307.

IT IS FURTHER ORDERED:

1. That if the Plan of the Debtor is not confirmed, the Trustee, and all parties in interest are hereby allowed leave of Court of twenty (20) days from the date of this Order to apply to this Court, pursuant to §503(b), for any actual and necessary expenses of administration pursuant to §1326(a)(2).  If the Plan of the Debtor has been confirmed the Trustee shall distribute any payment by Debtor in accordance with the Plan pursuant to §1326(a)(2).

2. That the Trustee is directed to file his final report and account pursuant to Fed.R.Bankr.P. 509(a).  Upon receipt of the final report and after (a) the expiration of the 30-day objection to final report deadline or (b) the entry of an order resolving any timely objection to the final report, whichever is longer, the trustee will be discharged and relieved of his trust and the surety on the trustee's bond will be released from further liability thereunder in this estate, except any liability which may have accrued during the time the bond was in effect as to this estate, without further notice, hearing, or order.

3. That if there is an income deduction order pending, the employer is hereby ordered to terminate deductions.  It is the debtor's responsibility to notify the employer that the wage deduction order is terminated.

4. That the case shall be terminated and closed after completion of the foregoing.

Dated at Hammond, Indiana on March 17, 2020.

/s/ James R. Ahler
James R. Ahler, Judge
United States Bankruptcy Court

Distribution
Debtor, Attorney for Debtor
U.S. Trustee, Trustee
All Creditors
All Intervenors
Rev. 04-05-12